

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

January 25, 1972

Honorable James U. Cross
Executive Director
Texas Parks & Wildlife Dept.
John H. Reagan Building
Austin, Texas   78701

Opinion No.  M-1045

Re:  Authority of Parks &
     Wildlife Department
     under the General Law
     Statutes or the Uniform
     Wildlife Regulatory Act
     to place special restric-
     tions on removal of fish
     from public waters in
     bass tournaments, and
     related questions

Dear Mr. Cross:

In your opinion request to this office you ask the
following questions:

1.  Does the Parks and Wildlife Department have
authority under the General Game Law Statutes or
under the Uniform Wildlife Regulatory Act (Art.
978j, V.P.C.) to place special restrictions on the
removal of fish from public waters by participants
in bass tournaments?

2.  If your answer to question one is affirmative,
under what circumstances or conditions would regu-
lation be legally authorized?

3.  Does a bass tournament constitute a lottery
when prizes are given to successful fishermen?

4.  When a tournament is conducted on a lake pre-
viously stocked with bass at State expense, can
the Department impose restrictions on participants
in bass tournaments which would not otherwise
apply to single fishermen?

The Legislature has granted the Parks and Wildlife
Commission authority to issue proclamations, rules or
regulations to control the means and method and place and
manner in which wildlife resources may be lawfully taken,
and to issue rules setting forth the most equitable and

-5108-

reasonable privileges in the taking of such wildlife. See Article 978j-1, Sections 2, 4 and 5 Vernon's Penal Code.

Subject to the restrictions placed upon the commission by the above statutes, the commission has authority to control the taking of fish from public waters. We are unable to express an opinion as to whether a special restriction on the removal of fish from public waters by participants in bass tournaments would be constitutional as we do not have sufficient facts to decide this issue. However, we would express serious doubts about the validity of any rule or proclamation that arbitrarily imposes restrictions on participants in bass tournaments but would not similarily restrict single fishermen.

It is the opinion of this office that a bass tournament is not a lottery even though prizes are given to successful fishermen. One of the elements needed to constitute a lottery is the award or distribution of the prize by chance. City of Wink v. Griffith Amusement Company, 100 S.W.2d 695 (Tex.Sup. 1936); Smith v. State, 127 S.W.2d 297 (Tex.Crim. 1939); Brice v. State, 156 Tex.Crim. 372, 242 S.W.2d 433 (1951); State v. Socony Mobil Oil Company, 386 S.W.2d 169 (Tex.Civ.App. 1964, err. ref., n.r.e.). The catching of bass involves more skill than luck.

## S U M M A R Y

Under Art. 978j-1, V.P.C., the Parks and Wildlife Commission and Department have authority to control the taking of fish from public waters.

As to whether certain proposed special restrictions are valid we can not say because they have not been presented to us.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Dunklin Sullivan
Assistant Attorney General

Honorable James U. Cross, page 3     (M-1045)


APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Bob Darden
Jim Swearingen
Linward Shivers
Glenn Brown

SAM McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant